UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

DENNIS BROADNAX

CRIMINAL NO.
3:06cr317 (SRU)

**RULING and ORDER**

On May 21, 2007, the defendant, Dennis Broadnax, filed a motion for in camera review of grand jury testimony. On June 18, Broadnax filed a motion to dismiss for government's failure to comply with the standing order on discovery. On June 21, Broadnax filed a motion to permit testing of drug evidence. On August 17, he filed a motion for disclosure of an informant's file, and on September 20, he filed a motion for disclosure of statements of co-conspirators. I will now rule on each of those motions.

**I.    Motion for In Camera Review of Grand Jury Testimony**

Broadnax argues that the government should submit co-defendant Mark Lutz's testimony before the grand jury in this case for in camera review. The government claims that Broadnax gave Lutz proceeds from the sale of illegal narcotics, and Lutz in turn used that money to purchase a Mercedes Benz, in his own name, for Broadnax. The United States Attorney's office has previously notified Broadnax that Lutz testified that

> he did not know whether Mr. Broadnax was involved in drug trafficking and that he had never seen, nor had he heard anyone talk about, Mr. Broadnax selling drugs. Mr. Lutz also testified that he was the owner of the 2006 Mercedes Benz found at Mr. Broadnax's house and that he had purchased it from Mercedes Benz of Fairfield sometime over the summer of 2006.

Jan. 19, 2007 Letter from Atty. O'Connor to Atty. Keefe. Broadnax now argues that the Lutz grand jury testimony is exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), and

that the government is obligated to turn a transcript of the testimony over to the defense.

The government argues that (1) its prior disclosure of the contents of Lutz's testimony is sufficient to satisfy any obligations under *Brady,* and (2) Lutz's testimony is not material exculpatory or impeachment information and therefore is not *Brady* material. In addition, the government notes that Federal Rule of Criminal Procedure 6(e), regarding the secrecy of grand jury proceedings, generally prevents the government from disclosing grand jury testimony.

In general, Rule 6(e) does prohibit disclosure of grand jury testimony except for certain, limited circumstances. The Supreme Court of the United States, along with courts in this circuit and elsewhere, however, has repeatedly indicated that *Brady* material can include grand jury testimony. *See, e.g.*, *Tierney v. United States*, 410 U.S. 914, 916 n.2 (1973) (noting that "grand jury testimony is regularly disclosed to criminal defendants without court order pursuant to *Brady*"); *United States v. Calhelha*, 456 F. Supp. 2d 350, 369 (D. Conn. 2006) ("[government] has produced the grand jury transcript of one witness as potential *Brady* material"); *United States v. Hardy*, No. 03-CV-6197 (ADS), 2007 WL 1026374 (E.D.N.Y. Mar. 30, 2007) (discussing whether grand jury testimony was exculpatory and thus would warrant disclosure under *Brady*). Here, I cannot determine whether the Lutz grand jury testimony is *Brady* material, or whether the government has already met its obligations under *Brady*, without reviewing the testimony. Because that testimony could constitute *Brady* material, the defendant's motion for in camera review of grand jury testimony (**doc. #78**) is GRANTED. The government is ORDERED to submit the Lutz grand jury testimony for in camera review.

II.     **Motion to Dismiss for Failure to Comply with the Standing Order on Discovery**

Defense counsel has indicated that the issues raised in the motion to dismiss have been

resolved. For that reason, the motion to dismiss (**doc. # 83**) is DENIED as moot.

## III. Motion to Permit Testing of Drug Evidence

Broadnax argues that his own expert toxicologist be permitted to weigh the drug evidence seized in connection with Count Five of the indictment in this case, charging the defendant with Possession with Intent to Distribute 50 grams or more of crack cocaine. Broadnax has not cited any authority, and I am not aware of any, suggesting he enjoys a right to re-weigh drug evidence. Because Broadnax has not provided any reason to question the accuracy of the government's measure of the drug weight, and due to concerns regarding properly maintaining the integrity of the evidence and the chain of custody if I were to order the evidence be released to an outside technician, the defendant's motion to permit re-weighing the drug evidence (**doc. #84**) is DENIED.

## IV. Motion for Disclosure of Informant File

Broadnax moves under Rule 16 of the Federal Rules of Criminal Procedure to compel the government to disclose its file concerning the government's confidential informant ("CI"). The defendant concedes that the government has provided him with the CI's criminal history, but seeks the government's entire file. Broadnax contends that file should include: (1) a copy of the CI's cooperation agreement, (2) a debriefing report or outline for the information the informant may provide, (3) the informant's personal and criminal history, (4) a record of payments or promises to the informant, and (5) additional information concerning the informant's credibility.

In response, the government indicates that: (1) no written cooperation agreement between the CI and the FBI exists, (2) no debriefing report exists, and that the government will provide FBI interview notes of the informant (an "FBI 302") "at the appropriate time," (3) the

government has already provided Broadnax with the CI's criminal history, (4) the only promise the government made to the CI was that the government would inform state prosecutors of the CI's cooperation, possibly resulting in his reduced exposure in state court, and (5) the file contains no *Brady* material. Government Resp. to Def's. Mot. for Disclosure of Informant File at **1-2. What Broadnax requests, then, that are in existence but not yet disclosed, are the informant's FBI 302 and any additional *Brady* materials in the file.

The government's responsibilities with regard to the FBI 302 are governed by the Jencks Act, 18 U.S.C. § 3500, which provides in pertinent part that:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

The Second Circuit has repeatedly held that "district courts may not order advance disclsoure of government witness statements, as such would be inconsistent with the act itself." *United States v. Aquart*, No. 3:06cr160 (PCD), 2006 WL 2684304 at *4 (D. Conn. Sept. 19, 2006); *see also United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) (holding that the district court exceeded its authority in finding a constitutional obligation to disclose impeachment material relating to potential government witnesses upon the defendant's request); *United States v. Scotti*, 47 F.3d 1237, 1249-50 (2d Cir. 1995) (denying pretrial production of Jencks Act material). Case law in

this circuit clearly establishes that Broadnax has no right to the informant's FBI 302 prior to trial.

The present discussion of the government's informant file does not in any way impact or alter government obligations under *Brady* to provide the defense with material, exculpatory information in its possession. In addition, the government stated that no cooperation agreement exists between the FBI and the CI. If the United States Attorney's office, as opposed to the FBI, has a cooperation agreement with the CI, that agreement is also subject to disclosure and must be disclosed in a timely manner.

Because Broadnax is not at this point entitled to any of the information he seeks from the government that exists and that he does not already have, his motion for disclosure of the informant file (**doc. # 93**) is DENIED.

V.     **Motion for Disclosure of Statements of Co-Conspirators**

Broadnax moves under Federal Rule of Criminal Procedure 16(a)(1)(A) for production of all co-conspirator statements that the government intends to introduce at trial. Rule 16(a)(1)(A) provides that "Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Here, because Broadnax seeks statements of co-conspirators rather than statements made by Broadnax himself, Rule 16 does not provide grounds for such disclosure.

In addition, discovery of statements made by co-conspirators are not discoverable at this point because they fall under the Jencks Act. *Aquart*, 2006 WL 2684304 at *5; *see also In re United States*, 834 F.2d 283, 286 (2d Cir. 1987); *United States v. Tarantino*, 846 F.2d 1384, 1418

(D.C. Cir. 1988) ("statements of witnesses or prospective witnesses, including co-conspirators, are not discoverable until after the witness testifies"). For these reasons, the defendant's motion for disclosure of statements of co-conspirators (**doc. # 118**) is DENIED.

## VI. Conclusion

For the reasons discussed above, the defendant's motion for in camera review (**doc. # 78**) is GRANTED. The defendant's motion to permit drug testing evidence (**doc. #84**), motion for disclosure of informant file (**doc. #93**), and motion for disclosure of statements of co-conspirators (**doc. #118**) are DENIED. The defendant's motion to dismiss (**doc. #83**) is DENIED as moot.

The government shall promptly provide the court with a copy of the Lutz grand jury testimony for in camera review.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of November 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge