UNITED STATES DISTRICT COURT
                             DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO.<br>3:06cr317 (SRU) |
| DENNIS BROADNAX | |

## RULING AND ORDER

On May 8, 2008, the fifth day of his criminal trial, Dennis Broadnax pled guilty to counts one and eight of the third superseding indictment in this case. In his plea agreement, Broadnax admitted conspiring to possess with intent to distribute, and to distribute, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), as well as conspiring to launder money in violation of 18 U.S.C. § 1956(b).

Prior to trial the government filed a second offender information setting forth, *inter alia*, six prior felony drug offenses of which Broadnax had been convicted in the State of Connecticut.[1]  According to that information, Broadnax was:

(1) convicted on May 29, 1987[2] in Connecticut Superior Court of the crime of Sale of Narcotics, in violation of Connecticut General Statutes, Section 21a-277(a);

(2) convicted on November 20, 1992 in Connecticut Superior Court of the crime of

---

[1] The government filed a second offender information on December 13, 2006 (doc. #6). On May 10, 2007, the government filed an amended second offender information (doc. #73), and on December 31, 2007, the government filed a second amended second offender information (doc. #156). Those filings are collectively and interchangeably referred to herein as the "second offender information," the "information to establish prior conviction," and the "section 851 notice."

[2] At the May 8, 2008 evidentiary hearing concerning the sufficiency of the section 851 notice, the government indicated that Broadnax's first felony drug conviction occurred in 1987, not 1986 as stated in the section 851 notice.

>Possession of Narcotics, in violation of Connecticut General Statutes, Section 21a-279(a);
>
>(3) convicted on February 11, 1993 in Connecticut Superior Court of the crime of smuggling in prison, in violation of Connecticut General Statutes, Section 53a-174(a);
>
>(4) convicted on October 18, 1999 in Connecticut Superior Court of the crime of Sale of Narcotics, in violation of Connecticut General Statutes, Section 21a-277(a);
>
>(5) convicted on October 18, 1999 in Connecticut Superior Court of the crime of Sale of Narcotics, in violation of Connecticut General Statutes, Section 21a-277(a); and
>
>(6) convicted on October 21, 2002 in Connecticut Superior Court of the crime of Conspiracy to Sell Narcotics in violation of Connecticut General Statutes, Section 21a-277(a).

Ordinarily, the penalties for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) are a mandatory minimum term of imprisonment of ten years, with a maximum sentence of a term of imprisonment of life, a fine not to exceed $4,000,000, and a period of supervised release of at least five years and as much as life. If the government files a second offender information pursuant to 21 U.S.C. § 851(a), demonstrating that the defendant violated section (b)(1)(A) after a prior conviction for a felony drug offense has become final, the penalties for a violation of sections 841(a)(1) and 841(b)(1)(A) increase to a mandatory minimum term of imprisonment of 20 years (with a maximum of life), a fine not to exceed $8,000,000, and a period of supervised release ranging from ten years to life.

The section 851 notice states that "because the defendant was convicted of at least one of the foregoing felony drug offenses prior to the commission of the offense/s charged in the Third Superseding Indictment," Broadnax is subject to the enhanced penalties discussed above. On a May 23, 2008 phone conference, the government indicated on the record that it listed six separate prior convictions in the 851 notice in an effort to prove at least one such offense, not to prove all

six.[3]

In response to the government's section 851 notices, Broadnax raised a number of objections. This ruling and order addresses Broadnax's objections, including arguments and evidence introduced at an evidentiary hearing on May 8, 2008 regarding the sufficiency of the government's section 851 notice.

**I.     Discussion**

On December 13, 2006, the government filed a second offender notice, identifying only one prior felony drug conviction for Broadnax, an October 21, 2002 conviction for sale of narcotics. Broadnax objected, arguing that he had not been convicted of sale of narcotics as set forth in the government's notice. On May 10, 2007, the government filed an amended second offender notice, identifying Broadnax's October 2002 crime of conviction as conspiracy to sell narcotics, rather than sale of narcotics, as the section 851 notice had previously indicated. Courts have held that where, as here, the information filed by the government states the date of conviction, the venue, and the case number for the conviction at issue, a defendant is on notice of the government's intention to rely upon a particular prior conviction. *See, e.g.*, *United States v. Steen*, 55 F.3d 1022, 1028 (5th Cir. 1995). To the extent that Broadnax raises any challenge to the sufficiency of the government's section 851 notice based on misstating his offense of conviction, that challenge fails.

On June 11, 2007, Broadnax filed a response to the government's amended second offender information asserting that his 2002 narcotics conviction was obtained in violation of the

---

[3] Under 21 U.S.C. § 841(b)(1)(A), if the government were to list in a section 851 notice and prove two or more such prior felony drug convictions, Broadnax would face a mandatory life sentence.

Fourth, Fifth and Sixth Amendments to the United States Constitution. The government then filed a second amended second offender information on December 31, 2007, listing six prior felony drug convictions, any one of which would trigger the enhanced penalties discussed above under sections 841(a)(1) and 841(b)(1)(B). In response, Broadax indicated that the government's notice contained certain inaccuracies, that the government was unable to prove beyond a reaonsable doubt that he was convicted of the crimes set forth in the second amended second offender information, and that his convictions (without specifying which) were obtained in violation of the Fourth, Fifth and Sixth Amendments.

    A.    <u>Broadnax's Challenges to His Prior Convictions</u>

Broadnax has raised constitutional and other challenges to the sufficiency of the prior convictions identified in the government's section 851 notice. Under section 851(e), "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."[4] The government filed its first section 851 notice on December 31, 2006, tolling the limitations period for Broadnax to challenge the convictions identified in that notice. At that time, Broadnax's challenge to his 2002 conviction was timely, but because that was the only conviction within the five-year statutory window, Broadnax's challenges to the other five convictions identified in the government's most recent section 851 notice (convictions that occurred in 1987, 1992, 1993, and 1999) were time-barred.

Broadnax maintained his objections to the prior convictions identified in the

---

[4] Although Broadnax has not challenged that time limit, I note that courts have upheld the constitutionality of that statute of limitations. *See, e.g., United States v. Henderson*, 320 F.3d 92, 102-04 (1st Cir. 2003); *United States v. Fernandez*, 871 F. Supp. 561, 563-65 (E.D.N.Y. 1994).

government's second offender information, but never denied those convictions. In other words, he argued that the government could not prove his prior convictions, but he did not explicitly deny that he had been convicted as set forth in the section 851 notice. Section 851(c)(1) provides in pertinent part that:

> If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, . . . . [t]he court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. . . . The hearing shall be before the court without a jury and either party may introduce evidence. . . . [T]he United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.

Therefore, if Broadnax had denied the allegations of the section 851 notice, the government would have had to prove the disputed fact of his prior convictions beyond a reasonable doubt. Under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), however, the fact of a prior conviction need only be proved to a judge by a preponderance of the evidence. Because Broadnax did not deny the allegations in the government's second offender information, in order to trigger the enhanced penalty provisions of sections 841(a)(1) and 841(b)(1)(A), the government would only have to prove one of prior conviction by a preponderance of the evidence to support the enhanced penalties that the section 851 notice triggers.[5]

1. *The May 8, 2008 Evidentiary Hearing Regarding the Sufficiency of the Government's Section 851 Notice*

On May 8, 2008, I presided over a hearing to determine the sufficiency of the government's section 851 notice. At that hearing, the government introduced testimony from witnesses including FBI Special Agent David Dillon, the case agent in charge of the

---

[5] As discussed below, the government proved the facts of one of Broadnax's prior convictions beyond a reasonable doubt, and therefore satisfied the higher burden of proof that would have applied if Broadnax had denied that prior conviction.

government's investigation of Broadnax, Charlene Krock, a fingerprint technician who works for the State of Connecticut, and Broadnax's state and federal probation officers. In addition, the government introduced several exhibits to demonstrate Broadnax's history of criminal convictions as set forth in the section 851 notice. Broadnax called no witnesses and introduced no evidence, and instead left the government to its proof.

Because the government only needs to prove one of the prior convictions, this ruling focuses on the February 11, 1993 conviction; proof of that conviction would render moot the question whether Broadnax was convicted of the other prior ofenses. The government's witnesses testified credibly regarding Broadnax's February 11, 1993 conviction, and the evidence that the government introduced supports the fact that Broadnax was convicted of smuggling narcotics into prison. With regard to that prior conviction, the government introduced a certified copy of the Connecticut Superior Court's information and court minute sheet indicating the charged offense, disposition and sentence imposed. Gov. Ex. 2.

The government also introduced fingerprint evidence to connect Broadnax with the February 11, 1993 conviction. That evidence included fingerprints taken from Broadnax on April 25, 2008, Gov. Ex. 6, as well as fingerprints taken following his arrest on January 9, 1993. Gov. Ex. 8. Krock, the fingerprint technician, testified that she had compared the fingerprints taken recently from Broadnax with those taken following his January 9, 1993 arrest, and that those sets of fingerprints matched.

After hearing the government's evidence, which Broadnax did not rebut, I credit the government's witnesses and their testimony. The certified copy of court records showing Broadnax's February 11, 1993 conviction and the testimony of Krock matching Broadnax's

fingerprints to fingerprints that were taken following that same arrest, all support a factual finding that Broadnax was convicted on February 11, 1993 as indicated in the section 851 notice. Because the government proved that Broadnax was so convicted, the question of whether was convicted of the other five felonies indicated in the 851 notice is moot. Accordingly, I find that the government has proven both by a preponderance of the evidence and also beyond a reasonable doubt that Broadnax was convicted of the February 11, 1993 arrest identified in the section 851 notice.

## II. Conclusion

Because I credit the testimony of the government witnesses, as well as the fingerprint and other evidence that the government presented, I find that Broadnax was convicted on February 11, 1993 in Connecticut Superior Court for the crime of smuggling in prison, in violation of 53a-174(a), a felony drug offense for purposes of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851. Accordingly, Broadnax will be subject to the enhanced penalties set forth in sections 841(a)(1) and 841(b)(1)(A).

It is so ordered.

Dated at Bridgeport, Connecticut, this 23rd day of May 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge